

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ELISHA LEE REID, #350586,

        Petitioner,

v.                                                    CIVIL ACTION NO. 2:08cv501

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (c), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I.  STATEMENT OF THE CASE

#### A.  Background

On May 6, 2005, Petitioner, Elisha Lee Reid ("Reid"), was convicted in the Circuit Court of Accomack County, after pleading guilty, of one (1) count of first degree murder, one (1) count of use of a firearm in the commission of a murder, and one (1) count of attempted robbery. He was sentenced to serve thirty-five (35) years in prison as reflected in the Court's Sentencing Order

entered on September 23, 2005.

On March 28, 2006, Reid noted his appeal to the Virginia Court of Appeals.   On October 11, 2006, the Court of Appeals denied Reid's appeal on the ground that Reid's sentence was not extreme or an abuse of discretion because the sentence did not exceed the maximum punishment prescribed by the statutes.   Reid then appealed to the Supreme Court of Virginia.   On March 21, 2007, the Supreme Court of Virginia refused Reid's appeal.

On January 17, 2008, Reid filed a petition for writ of habeas corpus in the Virginia Supreme Court.   Reid argued that he was denied effective assistance of counsel when he was led to plead guilty to charges that were inapplicable to him as a matter of law and that he was denied effective assistance of counsel because there was a conflict of interest between Reid and his counsel.   On July 1, 2008, the Supreme Court of Virginia dismissed the petition on the ground that Reid "failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate and that his guilty plea was voluntary and there [was] no evidence identified by [Reid] that would support the contrary conclusion that the plea was involuntary."   Record No. 080146.

On October 20, 2008, while in the custody of the Virginia Department of Corrections at the Sussex I State Prison, Reid executed the instant federal petition for a writ of habeas corpus

2

pursuant to 28 U.S.C. § 2254, in which he requested an evidentiary hearing.  On December 1, 2008, Respondent filed his Rule 5 Answer and Motion to Dismiss, accompanied by a supporting memorandum, and a Notice of Motion Pursuant to Local Rule 7(K).  Reid filed his response to Respondent's Motion to Dismiss on December 19, 2008. This Court granted Reid's request for an evidentiary hearing to allow Reid to develop the factual basis for his claim that a conflict of interest existed between himself and counsel.  The Court appointed counsel for Reid and held the evidentiary hearing on May 21, 2009.

### B.  Grounds Alleged

Reid now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follows:

(1)  his Sixth Amendment right to effective counsel and his Fourteenth Amendment right to due process were violated when there existed a conflict of interest between him and his counsel; and

(2)  his right to due process was violated when the state court denied his request for an evidentiary hearing for the purpose of developing the record on the issue of conflict of interest.

3

## II.  **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

### A.  **Exhaustion**

The Court FINDS that all of Reid's claims are exhausted, but that Claim 2 is not cognizable in federal court; the Court will review Claim 1 on the merits.

Notwithstanding the timeliness of Reid's claims, in order for this Court to address the merits of his claims, all of Reid's claims must be exhausted. See 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). In order for a claim to be considered exhausted, it must be "fairly presented to the state courts," which means "that both the operative facts and the controlling legal principles must be presented to the state court." Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (internal quotations omitted). "[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court,"

4

Id. at 911 (citations omitted); such claims are treated as procedurally defaulted and barred from this Court's review. Clagett v. Angelone, 209 F.3d 370, 378-79 (4th Cir. 2000).

Respondent has asserted that all of Reid's claims are exhausted because they were presented to the Supreme Court of Virginia in Reid's state habeas petition or because Reid would be precluded from raising them upon a return to the state courts. Resp't's Br. in Supp. of Mot. to Dismiss 3. Respondent also asserts that claim 2 is barred from review in this Court because it does not present a claim for which federal habeas relief may be granted. Id. This Court concurs.

The federal habeas statute provides that a "federal court 'shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998)(quoting 28 U.S.C. § 2254(a)). Errors and irregularities occurring during state collateral review proceedings are not cognizable on federal habeas review. Id.; Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988). Thus, Claim 2, that Reid's rights were violated by the Virginia Supreme Court's denial of his request for an evidentiary hearing, is not cognizable in this Court.

Based on the foregoing, the Court FINDS that Reid's claims are exhausted, but the Court further FINDS that Claim 2 is not

cognizable in federal court and is therefore barred from this Court's review. Therefore, the Court recommends that Claim 2 be DENIED and DISMISSED.

### B. Merits

A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000). See also Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (recognizing that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in § 2254(d), as interpreted by the Supreme Court in Williams[]."). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has

6

been violated." Williams, 529 U.S. at 387. Moreover, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." Id. at 411. In deference to the state court's decision, this Court may not grant relief unless it determines that decision on the merits was "legally or factually unreasonable." See Bell, 236 F.3d at, 163 (quoting Aycox, 196 F.3d at 1178). Further, the Court is mindful that "a determination on a factual issue by a State court shall be presumed correct [in a habeas proceeding]," and the burden is on a petitioner to rebut that "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(d)(2); see also Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

The Virginia Supreme Court denied Reid's habeas petition for the ground listed in Claim 2 on the basis that Reid

> failed to offer a valid reason why he should not be bound
> by his representation at trial that his counsel's
> performance was adequate and that his guilty plea was
> voluntary and there is no evidence identified by
> petitioner that would support the contrary conclusion
> that the plea was involuntary. [Anderson v. Warden, 222
> Va. 511, 281 S.E.2d 885, 888 (1981)].

Record No. 080146. Reid, however, did not discover the facts supporting his allegation that he and his attorney had a conflict of interest until October 2007, more than two years after his trial and sentencing. Transcript of Evidentiary Hearing ("Tr.") 16;

7

Resp't's Br. in Supp. of Mot. to Dismiss, Ex. 7 at 19, 22, 23.

Respondent alleges that to be granted habeas relief, Reid must meet the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). Reid, however, claims that his counsel was ineffective because of a conflict of interest. Under the Virginia Rules of Professional Conduct, a conflict of interest exists when:

(1) the representation of one client will be directly adverse to another client; or

(2) there is significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

Rule 1.7 (effective June 30, 2005).

When a habeas petitioner claims ineffective assistance of counsel because of his attorney's conflict of interest, the test under Strickland is modified. Fullwood v. Lee, 290 F.3d 663, 689 (4th Cir. 2002). "On a conflict-of-interest claim, petitioner must show (1) that his attorney had 'an actual conflict of interest' and (2) that the conflict of interest adversely affected his lawyer's performance." Id. (quoting Cuyler v. Sullivan, 446 U.S. 335, 348 (1980)). If a petitioner can demonstrate that his attorney's actual conflict of interest adversely affected his attorney's performance then the petitioner is not required to make a separate showing of prejudice under Strickland. Fullwood, 290 F.3d at 689.

During the spring of 2005, while representing Reid in his criminal case in Accomack County, Beverly P. Leatherbury, Esq.

8

("Leatherbury") accepted a position as Assistant Commonwealth's Attorney in Northampton County.[1]  Leatherbury represented Mr. Reid through his sentencing,[2] which took place on September 23, 2005, and then began her employment with the Northampton Commonwealth's Attorney's office on October 1, 2005.   Tr. 142, 160.   Ms. Leatherbury never disclosed to Mr. Reid that she was seeking employment as an Assistant Commonwealth's Attorney, nor did she disclose that she had accepted such a position.[3]

Ms. Leatherbury's employment as an Assistant Commonwealth's Attorney, however, did not create a conflict of interest between Leatherbury and Reid.   First, the Commonwealth's Attorneys in Northampton and Accomack counties are separately elected constitutional officers who are accountable only to the citizens of their respective counties.  Va. Const. art. VII, § 4; Va. Code Ann.

---

[1] The position was advertised in the June 29, 2005 edition of the "Eastern Shore Trading Post."   Petitioner's Ex. 7.   Ms. Leatherbury and Mr. Bruce Jones, Esq., the Commonwealth's Attorney in Northampton County, however, agree that Ms. Leatherbury accepted the position prior to it being advertised.  Tr. 87, 160.

[2] At some point after Leatherbury began representing Reid, she requested that the Court appoint co-counsel.  The court appointed Mr. William McKee, Esq. as co-counsel.

[3] While Ms. Leatherbury did not inform Reid of her new employment, she did inform a client in another criminal matter who was being prosecuted by the Northampton Commonwealth's Attorney. Tr. 176-77.   The Northampton client waived the conflict and declined to seek alternate representation.   Id. at 177. Additionally, once Ms. Leatherbury accepted the position in Northampton County, she declined to take any more cases as court-appointed counsel in either Northampton or Accomack county.  Id. at 172.

§ 15.2-1626; Tr. 82, 94. In her position as an Assistant Commonwealth's Attorney in Northampton County, Leatherbury had no duty to the Commonwealth's Attorney, or the citizens, of Accomack County. Va. Code Ann. § 15.2-1627. Second, Leatherbury never discussed the facts of Reid's case with the Northampton Commonwealth's Attorney. Tr. 160-61. Further, Gary Agar, Esq., the Accomack County Commonwealth's Attorney was never contacted to provide any sort of reference for Leatherbury when she was seeking employment in Northampton County. Tr. 161. Leatherbury's employment with Northampton County was not directly adverse to Reid nor was there any risk that it would materially limit her responsibilities to Reid. Therefore, there was no conflict of interest between Leatherbury and Reid based on her becoming an Assistant Commonwealth's Attorney in Northampton County.

Because there was no actual conflict of interest between Reid and his attorney, Reid cannot demonstrate that his counsel was constitutionally ineffective under Fullwood.[4] Therefore, the Court recommends that claim 1 be DENIED and DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, having granted Reid's request for an evidentiary hearing, and having found that Reid's Claim 1 lacks

---

[4] The Court does not consider whether McKee's participation in the case as co-counsel would remedy any constitutional violation if there had been an actual conflict of interest between Reid and Leatherbury based on Leatherbury's position with the Northampton Commonwealth's Attorney's Office.

merit and Claim 2 is not cognizable in a federal habeas petition, the Court RECOMMENDS that Reid's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Reid's claims be DISMISSED WITH PREJUDICE.

Reid has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely objections to the

findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

June 18 , 2009

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Trey Robert Kelleter
Vandeventer Black, LLP
500 World Trade Center
Norfolk, VA 23510
Counsel for Petitioner


Karen Geneva Misbach
Office of the Attorney General
900 E. Main Street
Richmond, VA 23219
Counsel for Respondent


Fernando Galindo,
Clerk of Court

By_____
Deputy Clerk

June 19, 2009

13